# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSEPH TERRELL BRISCOE,**

    **Petitioner,**

                                                                                  **Civil Action No. 3:14cv127**

**v.**                                                                         **Criminal Action No. 3:07cr65**

                                                                                   **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

## REPORT AND RECOMMENDATION

### I. Introduction

On November 24, 2014, the *pro se* petitioner, Joseph Terrell Briscoe ("Briscoe"), an inmate incarcerated at FCI McDowell in Welch, West Virginia, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt.# 76). Pursuant to a Notice of Deficiency issued by the Clerk of Court, on December 17, 2014, petitioner filed his motion on a court-approved form.

The undersigned now issues this Report and Recommendation on Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss petitioner's motion.

### II. Facts

**A. Conviction and Sentence**

On July 18, 2007, a Grand Jury sitting in the Northern District of West Virginia returned an Indictment charging petitioner with two drug-related offenses. (Dkt.# 1).

On September 17, 2007, petitioner signed a written plea agreement in which he agreed

to plead guilty to Distribution of Cocaine Base ("crack") in violation of 21 U.S.C. §841(a)(1). (Dkt.# 29). On October 2, 2007, petitioner appeared before Magistrate Judge David Joel to enter his plea. (Dkt.# 31).

Petitioner appeared before Judge John P. Bailey for sentencing on January 28, 2008. (Dkt.# 53). Petitioner's prior convictions qualified him as a career offender, and Judge Bailey determined that petitioner's Guidelines range called for 168 to 210 months of imprisonment. (Id. at 11:12-14.) Ultimately, Judge Bailey sentenced him to the bottom of the Guidelines, 168 months of imprisonment, to be followed by a three-year term of supervised release. (Id. at 20:4 - 8).

**B. Direct Appeal**

On appeal, appellate counsel filed an Anders[1] brief on petitioner's behalf, raising three issues for consideration: 1) whether Briscoe was erroneously sentenced as a career offender because two of his three prior felonies were actually misdemeanors under Maryland law; 2) whether Briscoe's sentence as a career offender violated his (a) Fifth Amendment right against double jeopardy, and (b) his Eighth Amendment right against cruel and unusual punishment; and 3) whether the district court erred by failing to grant a reduction in Briscoe's sentence, based on Amendment 706 to the Sentencing Guidelines, which would have reduced his base offense level under U.S. Sentencing Guidelines Manual §2D1.1(c) (2007). On January 20, 2009, by unpublished *per curiam* opinion, the 4th Circuit Court of Appeals dismissed the appeal of Briscoe's sentence, based on the voluntary appellate waiver contained in his plea agreement, and affirmed the District Court's conviction. (Dkt.# 69).

**C. Federal Habeas Corpus**

On November 24, 2014, Petitioner filed a motion to vacate pursuant to 28 U.S.C.

---

[1] Anders v. California, 386 U.S. 738 (1967).

§2255. (Dkt.# 76). Subsequently, on December 17, 2014, he filed his petition on a court-approved form. (Dkt.# 81). In his motion, petitioner argues that a right newly recognized by the Supreme Court in Descamps v. United States, 133 S. Ct. 2276 (2013) and made retroactively applicable to cases on collateral review, has rendered his Maryland second degree assault offenses to no longer be crimes of violence. Thus, he concludes, those convictions cannot serve as predicate offenses for the Armed Career Criminal Act ("ACCA") [sic]. Accordingly, he argues that the Court erred by holding that his Maryland second degree assault convictions qualified as crimes of violence for the purposes of applying the career offender enhancement under 4B1.1.

As to timeliness, petitioner states: "[p]etitioner initially placed in the institutional mail system on November 17, 2014 [sic], a *pro se* motion captioned as 'Motion to Vacate, Set Aside, Correct or Modify Sentence Pursuant ot 28 U.S.C. 2255(f)(3),' which, in response, the Court sent a Notice of Deficient Pleading, dated November 24, 2014." (Dkt.# 81 at 13).

For relief, petitioner requests that the Court "immediately vacate the sentence in this case and schedule a new sentencing hearing or amend the judgment so that . . . [petitioner] can be resentenced without application of the career offender enhancement under U.S.S.G. 4B1.1(a)." (Dkt.# 81-1 at 4).

### III. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[2]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

---

[2] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[3] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is timely. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, *supra* at 511. Here, because the only ground raised by the petitioner in support of his motion to vacate, set aside, or correct his sentence, is clearly without merit, the undersigned has proceeded to consider whether the motion is timely without providing the petitioner the opportunity to further argue the timeliness of his petition.

In the instant case, the §2255 motion is clearly untimely under subsection 1. When a prisoner does not file a petition for writ of *certiorari* with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003). The Fourth Circuit entered its judgment on January 20,

---

[3] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

2009. The petitioner then had 90 days, or until April 20, 2009, to file a petition for writ of *certiorari*. The petitioner did not file a petition for writ of *certiorari*. Thus, his conviction became final on April 20, 2009, and under AEDPA, he had until April 20, 2010, to timely file a §2255 motion. The petitioner did not file his petition until November 24, 2014, after the statute of limitations had long since expired. Thus, the petitioner's §2255 motion is untimely under subsection 1. Because the petitioner does not allege the Government created an impediment to his filing a timely §2255 motion or that his motion is based on new facts, subsections 2 and 4 are not applicable to this case.

The Court further finds that subsection 3 does not apply because despite petitioner's argument that his challenge to his career offender classification did not become ripe until the Supreme Court issued its decision in Descamps, Descamps has not been made retroactively applicable to cases on collateral review.[4] While the Supreme Court did not address the retroactivity of Descamps, every other circuit that has examined the issue has determined that it does not apply retroactively.[5] The undersigned further notes that even if Descamps were

---

[4] Moreover, even if Descamps were retroactively applicable, petitioner's reliance on it is misplaced. In Descamps, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"), "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." Descamps, 133 S. Ct. at 2282. Here, however, petitioner, was sentenced as a career offender under U.S.S.G. §4B1.1, not as an armed career criminal under the ACCA. Accordingly, Descamps is inapplicable to his claim.

[5] Several circuits have noted that Descamps is not retroactively applicable to cases on collateral review. See, e.g., Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014); Wilson v. Warden, FCC Coleman, 581 F. App'x 750, 753 (11th Cir. 2014); Baker v. Chapa, 578 F. App'x 464, 465 (5th Cir. 2014) (*per curiam*); United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014); United States v. Tenderholt, No. 14-8051, 2014 WL 7146025, at *1-2 (10th Cir. Dec. 16, 2014). As the Tenth Circuit has stated, "[t]he Descamps opinion simply applied existing doctrine." Montes, 570 F. App'x at 831. This court and at least two other district courts within the Fourth Circuit have held that Descamps is not retroactively applicable. See Hooker v. United States, 2015 U.S. Dist. LEXIS 9165, 1 (N.D. W. Va. Jan. 26, 2015); Baker v. Zych, No. 7:13-cv-00512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014); Randolph v. United States, Nos. CCB-13-1227, CCB-09-0244, 2013 WL 5960881, at *1 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that Descamps applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."). Other district courts around the country have agreed. See

retroactively applicable to cases on collateral review, petitioner's motion would still be untimely. Section 2255(f)(3) requires motions to be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided Descamps on June 20, 2013. However, petitioner did not place his motion into the prison mailing system until November 17, 2014. (Dkt.# 81 at 13).

Petitioner also cites the panel decision in Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014) which held that an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review. However, petitioner's reliance on that decision is misplaced as well. That panel decision has since been vacated, and the Fourth Circuit has now issued its *en banc* opinion, concluding that a change in the law regarding career offender enhancements does not justify tolling the statute of limitations. See Whiteside v. United States, 775 F.3d 180, 186 (4th Cir. 2014).

Accordingly, petitioner's motion remains untimely, and the undersigned recommends that it be denied and dismissed.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt.# 76 and 81) be **DENIED** and **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by April 7, 2015**, any party may file with the Clerk of Court written objections identifying those

---

United States v. Mitchell, Nos. 3:03cr57-LC-CJK, 3:14cv313-LC-CJK, 2014 WL 3720582, at *2 n.3 (N.D. Fla. July 28, 2014) (collecting cases).

portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* petitioner via certified mail, return receipt requested, at his last known address as reflected on the docket.

DATED: March 24, 2015

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE