# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JOSEPH TERRELL BRISCOE**,

    Petitioner–Defendant,

v.                                                                            Civil Action No. 3:14-cv-127
                                                                        Criminal Action No. 3:07-cr-65
                                                                        (BAILEY)

**UNITED STATES OF AMERICA,**

    Respondent–Plaintiff.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. [Crim. Doc. 82, Civ. Doc. 5]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on March 24, 2015, wherein he recommends that this Court dismiss the Petitioner's § 2255 petition with prejudice as untimely. For the reasons set forth below, this Court adopts the R & R.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions to which no objection has been made. See **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Accordingly, this Court will review those portions of the R & R to which the petitioner objects under a *de*

*novo* standard of review.  The remaining portions will be reviewed for clear error.

## II.  DISCUSSION

As discussed in the R & R, petitioner is currently serving a term of imprisonment after he plead guilty to Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). Based on his criminal record, he received the Career Offender enhancement and was sentenced to 168 months of incarceration.  Specifically, his career offender status was based on three predicate felonies, including Attempted Possession of CDS with Intent to Distribute (Crack Cocaine) and two Maryland Second Degree Assault convictions.

As discussed in the R & R, petitioner was sentenced on January 28, 2008.  The Fourth Circuit issued an unpublished *per curiam* opinion on January 20, 2009, which dismissed petitioner's appeal.  The petitioner did not file a writ of *certiorari* with the United States Supreme Court.  Therefore, as consistent with **Clay v. United States**, 537 U.S. 522 (2003), petitioner's conviction became final on April 20, 2009, when the time for seeking review expired.  The instant petition was not filed until November 24, 2014.

Petitioner argues that subsequent Supreme Court and Fourth Circuit case law nullify his career offender status because his second degree assault conviction arising under Maryland law is no longer considered a "crime of violence" under USSG § 4B1.2. Magistrate Judge Seibert found that none of the tolling provisions of § 2255(f)(2)-(4) apply, thus as of April 20, 2010, petitioner lost his ability to challenge his conviction.[1]  The

---

[1] Magistrate Judge Seibert dispensed with notice because such notice is unnecessary when it is "undisputably clear" that the motion is untimely. **United States v. Sosa**, 364 F.3d 507, 511 (4th Cir. 2004); *see also* **Hill v. Braxton**, 277 F.3d 701, 707 (4th Cir. 2002).

following section discusses each of petitioner's objections in turn.

**A.      § 2255(f)(3)**

Petitioner objects to Magistrate Judge Seibert's finding that the tolling period of § 2255(f)(3) is inapplicable. Under 28 U.S.C. § 2255(f)(3), the limitations period begins one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .." Petitioner argues that a right newly recognized by the Supreme Court in **Descamps v. United States**, 133 S.Ct. 2276 (June 20, 2013), should be applied retroactively. Therefore, his second degree assault offenses no longer constitute "crimes of violence" for purposes of the career offender sentencing enhancement.

This Court agrees that this petition is untimely under § 2255(f)(3). First, the petitioner did not file his § 2255 motion within one year of the **Descamps** decision. The Court finds petitioner's unsupported argument that "the filing deadline for appropriate claims under the holdings in **Descamps** . . . was subsequently extended from the original June 20, 2014 deadline to November 18, 2014", is without merit. Second, other circuits hold that **Descamps** is not retroactive on collateral review. *See e.g.* **In re Jackson**, 776 F.3d 292, 296 (5th Cir. 2015); **Groves v. United States**, 755 F.3d 588, 593 (7th Cir. 2014); **Wilson v. Warden, FCC Coleman**, 581 Fed. Appx. 750, 753 (11th Cir. 2014) ("The Supreme Court itself has not expressly declared **Descamps** to be retroactive to cases on collateral review. Moreover, **Descamps** was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review.").

Petitioner correctly points out the Fourth Circuit applied the ***Descamps*** elements driven approach and held that two of his predicate felonies— Maryland convictions for second degree assault— no longer qualify as a crime of violence for purposes of career offender status. *See **United States v. Barillas***, 549 Fed. Appx. 204, 205 (4th Cir. 2014)(*per curiam*) (citing ***United States v. Royal***, 731 F.3d 333, 341–42 (4th Cir. 2013)). However, neither ***Barillas*** nor ***Royal*** save petitioner's untimely § 2255 motion. In both ***Barillas*** and ***Royal*** the defendants challenged their convictions on direct appeal— not collateral attack. *See **Baldwin v. United States***, Civ. Action No. JFM-13-2006, 2013 WL 6183020 (D. Md. Nov. 25, 2013)(holding that "***Descamps*** — and by extension ***Royal*** — are not retroactive.")

## B. 28 U.S.C. § 2255(f)(4)

Petitioner's argument that ***Barillas*** or ***Royal*** represent a change of fact fails because the Fourth Circuit rejected a similar argument in ***Whiteside v. United States***, 775 F.3d 180, 183 (4th Cir. 2014) (reh'g en banc), *petition for cert. filed* (U.S. Mar. 19, 2015)(No. 14-1145). In ***Whiteside***, the petitioner argued that the limitations period in § 2255(f)(4) applied because a subsequent Fourth Circuit decision held that his previous drug offense would no longer be considered a predicate felony for career offender status. *Id.* The Fourth Circuit, sitting *en banc*, rejected this argument, reasoning that "[d]ecisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)." *Id.* at 184. Like ***Whiteside***, the Fourth Circuit decisions in ***Barillas*** and ***Royal***

4

"represented a change of law not fact." **Whiteside**, 775 F.3d at 183.[2]  Therefore, the limitations period in § 2255(f)(4) does not apply.

**C.    Equitable Tolling**

Finally, the petitioner's argument that equitable tolling should apply is also foreclosed by **Whiteside**.  "Equitable tolling of petitions for collateral review is available only when the defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" **Whiteside**, 775 F.3d at 184 (quoting **Holland v. Florida**, 560 U.S. 631 (2010)).   Here, the petitioner does not assert that he was denied access to the courts.  Rather, like in **Whiteside**, the petitioner seeks to challenge his conviction based on a change in subsequent circuit law.  However, equitable tolling for § 2255 petitions can not be invoked by a subsequent change in circuit law.  See **id.** at 184–86.  The "relevant limitations period under § 2255(f) is one year after the conviction is final, not one year from a decision that effectuates a change in circuit law." **Id.** at 187.

### III.  CONCLUSION

For the foregoing reasons, this Court is of the opinion that Magistrate Judge Seibert's Report and Recommendations **[Crim. Doc. 82, Civ. Doc. 5]** should be and is **ADOPTED**.   Further, the Petitioner's Objections **[Crim. Doc. 87]** are **OVERRULED**. Accordingly, this Court hereby **DENIES** and **DISMISSES WITH PREJUDICE** the Petitioner's 28 U.S.C. § 2255 Motion **[Crim Doc. 76, Civ. Doc. 1]** and **ORDERS** that this

---

[2] At the time of this decision, the Fourth Circuit's decision in **Whiteside v. United States**, 775 F.3d 180 (4th Cir. 2014) is binding precedent.  This Court notes a writ of *certiorari* in **Whiteside** was filed on March 19, 2015.

matter be **STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent. As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the *pro se* petitioner and any counsel of record herein.

**DATED:** May 21, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE